UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 05-180 (ESH) |
| v. : | **FILED** |
| : | AUG 0 2 2005 |
| JAMES HOOD : | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### FACTUAL PROFFER

On April 18, 2005 at about 6:31am, officers with the Metropolitan Police Department (Hereinafter MPD) received a radio run for an unconscious male slumped over the wheel inside a burgundy Mercury Topaz with Virginia license tag number JPC-2846 in front of 1341 C Street, SE Washington, DC. The District of Columbia Fire Department (Hereinafter DCFD) arrived on the scene and attempted to revive the person, later identified as the defendant, James Hood. During this process, a member of the DCFD saw a gun handle in the right front pocket of the defendant's coat, and was able to remove it without incident. The defendant was subsequently placed under arrest. The gun was discovered to be a black Witness-P 45 caliber semi-automatic handgun. The gun was loaded with 8 Winchester 4 Auto cartridges–1 in the chamber, and 7 in the magazine. Another magazine with 7 cartridges was discovered in the defendant's left front jacket pocket. ~~Search incident to arrest also revealed a ski mask, a face mask and 2 pairs of gloves~~. The defendant did not possess a license to carry the weapon.

There are no firearm or ammunition manufacturers located within the District of Columbia. Therefore, the firearm seized from Mr. Hood on April 18, 2005, a black Witness-P 45 caliber semi-automatic handgun, loaded with 8 cartridges–1 in the chamber, and 7 in the magazine, as well as the additional 7 cartridges in the magazine found in the defendant's left front jacket pocket was manufactured outside the District of Columbia and was shipped, transported, or delivered through interstate or foreign commerce into the District of Columbia at some point prior to April 18, 2005.

At the time the defendant possessed the handgun on April 18, 2005, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and such crime does not involve the exceptions in 18 U.S.C. § 921(a)(20).[1] Specifically, he had been convicted of the

---

[1] In 18 U.S.C. § 921(a)(20), the statute defines a "crime punishable by imprisonment for a term exceeding one year" as excluding such business crimes as antitrust offenses, as well as offenses characterized by the state as misdemeanors that are punishable by imprisonment for two years or less. The predicate felony in this case does not trigger any of these exceptions.



felony offense of being a Felon in Possession of a Firearm in Federal District Court for the Eastern District of Virginia, in CR 03-227 on October 17, 2003, for which he received a sentence of 27 months, with 3 years of supervised release. The defendant was on supervised release in that case at the time of this offense.

### DEFENDANT'S ACKNOWLEDGEMENT

I have read this factual proffer and have discussed it with my attorney, Michelle Peterson, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 8-02-05

James Hood

### ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 8/2/05

Michelle Peterson, Esquire
Attorney for James Hood